IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAMAR K. WALLER                                                                                    PLAINTIFF

v.                                    CIVIL NO. 1:15-cv-01064

BRYCE BURROUGHS; LAURA BAGWELL;
HALEY HUDSON; and CORA BYRD CONNARD                                           DEFENDANT

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lamar K. Waller filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 21, 2015. ECF No. 1. Plaintiff's motion to proceed *in forma pauperis* was granted the same day. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before me on Defendants' Motion to Dismiss. ECF No. 12. Plaintiff has not responded to the Motion to Dismiss. The Motion is ready for decision.

1. **BACKGROUND**

Plaintiff is currently an inmate of the Arkansas Department of Correction – East Arkansas Regional Unit. In Plaintiff's Complaint he names Bryce Burroughs, Laura Bagwell, Haley Hudson, and Cora Byrd Connard[1] as Defendants. Defendants Burroughs, Bagwell and Hudson are probation and parole officers. Defendant Connard is an Administrative Law Judge at the

---

[1] The Court notes Defendants name Cara Boyd-Connors as a defendant in their Motion to Dismiss. ECF no. 12. The Court's docket has this Defendant on record as Cora Byrd-Connard.

1

Arkansas Board of Parole. Although Plaintiff checked the box for "personal capacity only," his Complaint refers to the official liability of Defendants as well. Accordingly, for purposes of this Report and Recommendation, the Court will treat the allegations against Defendants as individual and official capacity claims. ECF No. 1. Plaintiff claims Defendants failed to follow federal and state laws governing the guidelines for conducting parole revocation hearing proceedings "when they denied him a preliminary hearing and a written statement as to the evidence relied on and the reasons for action taken". ECF No.1

## 2. APPLICABLE LAW

Federal Rule of Civil Procedure 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

3. **DISCUSSION**

Defendants have moved to dismiss the case against them on the following grounds: (1) Plaintiff has failed to state a constitutional claim for which relief can be granted under Fed. R. Civ. P. 12 (b)(6); (2) Plaintiff's claims are barred by *Heck v. Humphrey*; and (3) Defendants are entitled to immunity from suit.

Fed. R. Civ. P. 12 (b)(6) provides that a motion to dismiss should be granted on a plaintiff's claim if he "fail[s] to state a claim upon which relief can be granted." A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). In determining whether to dismiss this action under Rule 12 (b)(6), the Court will assume the facts alleged in Plaintiff's Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 738 (8th Cir. 2002).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that the defendant violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

It is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole as required for a due process claim. *Hamilton v. Brownlee,* 237 Fed. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a

protectable liberty interest in discretionary parole decisions…" *Id* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest).

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983. According to Plaintiff, Defendants violated his constitutional right to due process by failing to provide him with an adequate parole revocation hearing. He claims they failed to follow the "proper" procedures. ECF No. 1. However, the law does not provide inmates with a constitutionally protected liberty interest in the possibility of parole. Without a protectable liberty interest there can be no due process claim. *Id.* At 886.

Even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claims would not likely result in the invalidity of his parole revocation. Plaintiff is barred from bringing such claims until his parole revocation is invalidated by the highest state court or in a federal habeas proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Finally, the law is clear that Defendants are immune from suit. Parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. *See Anton v. Getty,* 78

F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1996) (*per curiam*).

4. **CONCLUSION**

For the reasons stated, I recommend Defendants' Motion to Dismiss (ECF No. 12) be **GRANTED.** All claims against Defendants Bryce Burroughs, Laura Bagwell, Haley Hudson, and Cora Byrd-Connard should be dismissed. I also recommend this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **23rd day of June, 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE